

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00248-CV

———————————————————

CARRIE LEIJA, Appellant

V.

DE KORO HOMES LLC, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2021-003178-1

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

In January 2022, the trial court signed a forcible detainer judgment evicting Appellant Carrie Leija from a property owned by Appellee De Koro Homes, LLC.[1] *See* Tex. Prop. Code Ann. § 24.002. Leija timely filed a notice of appeal with the trial court, but for unexplained reasons, the trial court did not notify this court of Leija's appeal for five months. *Cf.* Tex. R. App. P. 25.1(f) (directing trial court clerk to "immediately deliver a copy of the notice of appeal to the appellate court clerk"). Meanwhile, because Leija had not filed a supersedeas bond, the trial court's judgment was carried out; the record contains an executed writ of possession with the constable's note that the "real property [was] restored back to the rightful owner in a [l]awful manner." *See* Tex. Prop. Code Ann. §§ 24.0061, 24.007.

Because "[t]he only issue in a forcible detainer action is the right to actual possession of the premises," *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006), a forcible detainer appeal becomes moot upon an appellant's eviction from the property unless (1) the appellant asserts a meritorious claim of right to current, actual possession of the property, or (2) damages or attorney's fees remain at issue. *Martinez v. HD Tex. Invs. LLC*, No. 02-21-00178-CV, 2021 WL 4319709, at *1

---

[1]This forcible detainer case was originally filed in a justice court. *See* Tex. Gov't Code Ann. § 27.031(a)(2); Tex. Prop. Code Ann. § 24.004(a). After the justice court awarded possession of the property to De Koro Homes, LLC, the case was appealed to the county court at law for a trial de novo. *See* Tex. R. Civ. P. 510.10.

(Tex. App.—Fort Worth Sept. 23, 2021, no pet.) (mem. op.); *Gillespie v. Erker*, No. 02-20-00331-CV, 2021 WL 733084, at *1 (Tex. App.—Fort Worth Feb. 25, 2021, no pet.) (mem. op.); *Ratliff v. Homes by Ashley, Inc.*, No. 02-20-00014-CV, 2020 WL 1057320, at *1 (Tex. App.—Fort Worth Mar. 5, 2020, no pet.) (mem. op.).

Accordingly, on July 29, 2022, we notified Leija that this case appeared moot. We warned her that we would dismiss the appeal unless, within ten days, she filed a response showing (1) that she intends to assert a meritorious claim of right to current, actual possession of the property, (2) that damages or attorney's fees remain at issue,[2] or (3) that there are other grounds for continuing the appeal. *See* Tex. R. App. P. 44.3. More than ten days have passed, and Leija has not filed a response.[3]

---

[2]The trial court did not award damages or attorney's fees; it awarded only court costs. And although "in some instances a case is not moot even though the only issue presented relates to court costs," if a trial court's judgment is vacated as moot, "either there will be no order assessing costs and each party will be required to pay its own costs under Texas Rule of Civil Procedure 127, or the appellate court will tax costs." *Marshall*, 198 S.W.3d at 790; *see also Brewer v. Green Lizard Holdings, L.L.C.*, No. 02-13-00119-CV, 2013 WL 5303064, at *1 (Tex. App.—Fort Worth Sept. 19, 2013) (per curiam) (mem. op.) (quoting *Marshall* and noting that "the supreme court has held in similar circumstances that an issue of costs does not prevent the dismissal of the case as moot").

[3]Leija also failed to pay the relevant filing fee and to file a docketing statement. *Cf.* Tex. R. App. P. 5, 32.1. We warned Leija that her appeal could be dismissed for failure to pay the filing fee, and we gave her more than a month to remedy the issue. *See* Tex. R. App. P. 42.3(c), 44.3. So, even if the case were not moot, we would dismiss the appeal due to Leija's failure to pay the filing fee. *See* Tex. R. App. P. 42.3(c), 43.2(f).

Because Leija is no longer in possession of the property, because she has not identified an ongoing, live controversy between the parties, and because she has not shown any other grounds for continuing the appeal, we vacate the trial court's judgment and dismiss the case as moot. Tex. R. App. P. 43.2(e); *see Marshall*, 198 S.W.3d at 785–90 (holding that because the "case [wa]s moot . . . the court of appeals erred in dismissing only the appeal and leaving the trial court's judgment in place"); *Martinez*, 2021 WL 4319709, at *1 & n.3 (similar, quoting *Marshall*); *cf. Segura v. Segura*, No. 04-21-00548-CV, 2022 WL 1158626, at *2 (Tex. App.—San Antonio Apr. 20, 2022, no pet.) (per curiam) (mem. op.) (dismissing appeal as moot where the record demonstrated that a writ of possession had been executed and appellant failed to respond to court order directing him to show potentially meritorious right to possession or other grounds to continue appeal); *Ruston v. Jump Enters., LLC*, No. 04-21-00210-CV, 2021 WL 3516687, at *2 (Tex. App.—San Antonio Aug. 11, 2021, no pet.) (per curiam) (mem. op.) (similar).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: August 18, 2022